**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MORRIS LANDON JOHNSON,** | ) | |
| **ID #1877943,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:17-CV-1887-B (BH)** |
| | ) | |
| **Unnamed Respondent** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Request Permission to File Out of Time Petition for Writ of Habeas Corpus Challenging State Conviction*, received July 17, 2017 (doc. 3).   Based on the relevant findings and applicable law, this action should be **DISMISSED** for lack of subject matter jurisdiction.

## I.  BACKGROUND

The petitioner was convicted of delivery of a controlled substance in Cause No. CR12645 in the 355th Judicial District Court of Hood County, Texas, on September 17, 2014, and he was sentenced to forty years' confinement.  (*See* doc. 3 at 1); *Johnson v. State*,  02-14-00411-CR, 2015 WL 3799047 (Tex. App. – Fort Worth June 18, 2015); *see also* www.tdcj.texas.gov (search for petitioner).   His petition for discretionary review was refused by the Texas Court of Criminal Appeals on December 9, 2015.  *See* PD-0911-15.  The petitioner filed a state habeas application that was denied by the Court of Criminal Appeals on March 22, 2017.  *See Ex parte Johnson*, WR-85,192-03 (Tex. Crim. App. Mar. 22, 2017).

Petitioner's motion seeks an extension of time to file a federal habeas petition under 28 U.S.C. § 2254 challenging his conviction.  He does not set out grounds for habeas corpus review of

his custody under a state conviction and sentence.

## II. JURISDICTION

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations for filing a federal petition. *See* 28 U.S.C. § 2244(d)(1). AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* § 2244(d)(1). Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland,* 125 Fed. App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010

2

(N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]"), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted).  A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy.  *Gray,* 2008 WL 5385010 at *1, *citing Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted).

Here, a ruling on the petitioner's motion will require an advance determination of whether his petition will be time-barred and whether equitable tolling is applicable.  As noted, § 2254 does not authorize a prospective extension of the statute of limitations.  There is no adverse party before the Court at this time, and no concrete dispute to be decided.  Accordingly, the Court lacks subject matter jurisdiction to grant any relief.

### III.  RECOMMENDATION

This action should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED on this 18th day of July, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4